UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON POPEJOY, JOE SAWYER, and DANIEL SULLIVAN, *individually and on behalf of all others similarly situated*,<br><br>**Plaintiffs,**<br><br>v.<br><br>**SHARP ELECTRONICS CORPORATION,**<br><br>**Defendant.** | Civ. No. 2:14-06426 (WJM)<br><br>**OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.:

Plaintiffs Jason Popejoy, Joe Sawyer, and Daniel Sullivan filed this putative class action against Defendant Sharp Electronics Corporation ("Sharp"). This matter comes before the Court on Sharp's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, to strike the nationwide class allegations from, the First Amended Complaint (hereinafter "FAC"). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**, and Defendant's motion to strike is **DENIED**. Plaintiffs' FAC is **DISMISSED with prejudice**.

### I. BACKGROUND

The Court writes primarily for the benefit of the parties and assumes familiarity with the facts and technical terms described in the Court's September 2015 opinion.[1] A brief summary of the action is provided below, followed by a description of the newly-alleged facts in the FAC.

#### A. Procedural Background

In October 2014, Plaintiffs filed their original Complaint against Sharp. Plaintiffs alleged that Sharp engaged in "a massive consumer fraud" by falsely marketing, advertising, and deceptively labeling certain of its televisions as "LED TVs," "LED HDTVs," or "LED televisions." ECF No. 1 (Compl.) ¶¶ 5, 9. Specifically, Plaintiffs alleged that "Sharp's false and misleading marketing and advertising were and are designed

---

[1] *See Popejoy v. Sharp Elecs. Corp.*, No. 2:14-cv-06426, 2015 WL 5545067, at *1 (D.N.J. Sept. 18, 2015).

falsely to suggest that the televisions at issue are not LCD TVs at all, but an entirely different, improved, and technologically advanced" TV that used LED displays, when in fact, they were LED-lit LCD display TVs (hereinafter, "LED-lit TVs"). *Id*. ¶¶ 7, 47. Each named Plaintiff alleged that he relied upon "Sharp's marketing assertions on the cartons containing the televisions that each was an actual 'LED TV'" in selecting that model. *Id*. ¶¶ 10-12. Plaintiffs further alleged that Sharp used "multiple marketing channels," including "circulars, newspaper and magazine advertisements, and point of sale display materials to further its deception." *Id.* ¶¶ 52-53. Sharp's website also directed consumers to choose from LCD TVs and LED TVs, with no explanation that the LED TVs have LCD displays. *Id*. In support of their contentions, Plaintiffs included images of Sharp's cartons, marketing materials, website screen shots, and press releases. Compl. ¶¶ 44, 47, 48, 52.

The Court dismissed Plaintiffs' Complaint without prejudice, finding that a reasonable consumer could not be deceived by Sharp's marketing assertions on the carton containing the television because the cartons stated that the product was both an "LED TV" and a "Liquid Crystal Television." *Popejoy*, 2015 WL 5545067, at *4. The Court further stated that, although Plaintiffs claimed that they "were deceived by misrepresentations made through multiple marketing channels, those allegations are absent from the Complaint." *Id*.

### B. Newly-Alleged Facts in the FAC

In their FAC, Plaintiffs eschew reliance on the representations made on the box cartons and focus instead on Sharp's marketing materials. The salient newly-alleged facts in Plaintiffs' FAC are as follows:

> [Each named Plaintiff] selected Sharp's 'LED TV' model because of marketing assertions (made directly or facilitated and encouraged by Sharp), on the internet and/or at the point of sale (e.g., price card), that the television was an 'LED TV.' On information and belief, the point of sale materials [Plaintiff] viewed at the time of purchase were prepared based on false and misleading information provided to the reseller by Sharp, which Sharp intended the reseller to rely upon in preparing point of sale marketing materials and which Sharp intended the customer to rely upon in making the purchase decision. [Plaintiff] did not see any disclosures identifying the television as an LCD television; if Sharp contends such disclosures were made, in context and when compared to the dominant LED representations made, such disclosures would not have been sufficient to cure the false and misleading nature of the prominent LED television references.

FAC ¶¶ 7-9. Although "Sharp may have included tiny or minor references to 'liquid crystal' in some aspects of its marketing," these references were "intentionally misleading" because the materials "minimized the reference, placing it in small, if not tiny print, far from the much larger and pervasive references to 'LED TVs' or 'LED displays' that

2

dominated the advertising." FAC ¶ 41.  Moreover, "Sharp intentionally refrained from using the phrase LCD, a well-established and commonly known product category.  Instead, the minor references observed referred to liquid crystal without any further explanation." *Id*.  Plaintiffs contend that such disclosures are "not sufficient to cure the false and misleading nature of the prominent LED television references." *Id.*

Plaintiffs have removed the pictorial examples of Sharp's marketing assertions that it provided to the Court in its original Complaint, including images of Sharp's marketing materials, screenshots of Sharp's website, and press releases.  *Compare* ECF No. 1 at ¶¶ 44, 47, 48, 52 (including images) *with* FAC at ¶¶ 37-47 (excluding all such images).  Plaintiffs did not replace those images with any additional details or specific examples of Sharp's misrepresentations to consumers.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.  The moving party bears the burden of showing that no claim has been stated.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff.  *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).  Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

Pursuant to Federal Rule of Civil Procedure 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the "precise misconduct with which [it is] charged." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (quoting *Lum v. Bank of America*, 361 F.3d 217, 223-24 (3d Cir. 2004), *abrogated on other grounds by Twombly*, 550 U.S. 544) (internal quotations omitted).  "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation."  *Id.*  Plaintiffs also must allege who made a misrepresentation to whom and the general content of the misrepresentation.  *Lum*, 361 F.3d at 224.

### III.   DISCUSSION

Sharp argues that the FAC must be dismissed for Plaintiffs' failure to meet the heightened pleading standard of Rule 9(b).  The Court agrees.

Plaintiffs contend that their generalized allegations that Sharp made misrepresentations through a "wide array of marketing channels – namely, internet advertising, newspaper/magazine advertising, carton advertising, brochures, and other channels" suffice at the pleading stage.  ECF doc. 41.  Not so.  Plaintiffs fail to provide the Court with the "'who, what, when, where and how' of the events at issue," as required by Rule 9(b).  *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276 (3d Cir. 2006).

In their FAC, each named Plaintiff alleges that he chose Sharp's 'LED TV' model because of "marketing assertions (made directly or facilitated and encouraged by Sharp)" either "on the internet" and/or through "point of sale" materials provided to "the reseller" by Sharp.  But Plaintiffs have not specified: (1) "the who," *i.e.,* whether Sharp, or some other unidentified "reseller" made these assertions; (2) "the what," *i.e.,* the specific marketing assertions, point of sale materials, or internet content that they viewed; (3) "the when," *i.e.,* at what point each Plaintiff viewed the materials; or (4) "the where," *i.e.*, the specific websites, newspapers, magazines, or brochures containing the marketing assertions.  Moreover, with respect to "how" the misrepresentations were misleading, Plaintiffs do not confirm whether Sharp's marketing materials contained disclosures that the "LED TVs" had LCD displays, but instead conclude that, even if "such disclosures were made, [they] would not have been sufficient to cure the false and misleading nature of the prominent LED television references."  This conclusion cannot be made without more detail as to the specific disclosure Sharp provided.  *See, e.g., Freeman v. Time Inc.*, 68 F.3d 285, 289-90 (9th Cir. 1995) (finding that promotional sweepstakes mailers stating that plaintiff won a sweepstakes with language in smaller type indicating that plaintiff would win only if he returned a winning prize number was not deceptive).

Thus, the Court cannot "draw any reasonable inference" at this stage that Sharp is liable for consumer fraud.  *See Hughes v. Panasonic Consumer Elecs. Co.*, No. 10-cv-846, 2011 WL 2976839, at *13 (D.N.J. July 21, 2011) (holding that Plaintiffs' failure to "allege the specific advertisements, marketing materials, warranties or product guides that they each reviewed, which included [the alleged] misrepresentation and when it was so advertised" did not allow the Court "to draw any reasonable inference that Panasonic made this misrepresentation to them, and therefore is liable for consumer fraud under the NJCFA").  *See, e.g., Travelers Indem. Co. v. Cephalon, Inc.,* 620 F. App'x 82, 86 (3d Cir. 2015) (Plaintiffs' failure to allege "the contents of these [misleading marketing] statements and materials" or "specify when, where, or to whom any sales pitch was made" did not meet the particularity requirements of Rule 9(b)).  Accordingly, the Complaint must be dismissed.

Finally, despite being given the opportunity to amend their Complaint, Plaintiffs remain unable to identify a single specific misrepresentation made by Sharp. In fact, Plaintiffs have *removed* the pictorial examples they provided with their first Complaint (and which the Court found insufficient to allege fraud) and did not provide any additional materials to the Court. However, because Plaintiffs rely upon Sharp's representations "on the internet" in framing the allegations of their FAC – and in fact, provided select portions of Sharp's website in their original Complaint – this Court may consider Sharp's website in ruling on the motion to dismiss. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (explaining that a document "integral to or explicitly relied upon in the complaint" may be considered on a motion to dismiss to prevent "the situation in which a plaintiff is able to maintain a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent.").

Similar to the TV cartons already deemed by this Court not to be deceptive, Sharp's website contained a clear disclosure in the "tech specs" section of its webpage for each "LED TV" model that Sharp's LED TVs were, in fact, displayed on LCD panels. *See, e.g.*, "Tech Specs" for Model No. LC-48LE551U, available at http://www.sharpusa.com/ForHome/HomeEntertainment/LCDTV/Models/LC48LE551U.aspx (last accessed June 9, 2016) (disclosing that, for an "LED TV," the "Display Panel Type" is "LCD). To the extent that Plaintiffs' fraud claims rely upon representations on Sharp's website, these claims fail. *See Ciser v. Nestle Waters N. Am., Inc*., No. 11-05031, 2013 WL 5774121, at *5 (D.N.J. Oct. 24, 2013), *aff'd*, 596 F. App'x 157 (3d Cir. 2015) (holding, despite plaintiff's allegations that defendant's "bills were confusing" and that there was an inconsistency between [the defendant's] website and its invoices," that plaintiff could not plausibly allege that it was misled because the defendant disclosed that it might charge a late fee).

The Court assumes that Plaintiffs' counsel are well aware of the requirements of Rule 9(b). And given the above facts, it is inconceivable to this Court that Plaintiffs have any additional particulars to plead. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (stating that Plaintiffs' failure to adequately supplement their pleading "is a strong indication that the plaintiffs have no additional facts to plead.'"); *see also In re Netflix, Inc. Sec. Litig.*, No. 14-15315, 2016 WL 1399371, at *2 (9th Cir. Apr. 11, 2016) (holding that when a "plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad") (internal citations omitted). Accordingly, the Complaint is **DISMISSED with prejudice**.

5

## IV.   CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED**, and the Complaint is **DISMISSED** with prejudice.  Defendant's motion to strike is **DENIED** as moot.  An appropriate order follows.

    /s/ William J. Martini    
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 9, 2016**